UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERNON MERRIWEATHER,

                Plaintiff,

v.

UNIVERSITY OF WASHINGTON, *et al.*,

                Defendants.

Case No. C19-1132-MJP

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil complaint. Dkt. No. 4. The Court, having reviewed the complaint, does hereby find and ORDER:

(1) Plaintiff alleges that defendants— University of Washington, Verizon, and Uber – violated 18 U.S.C. § 1035, a federal statute which makes it illegal, in any matter involving a health care benefit program, to knowingly and willfully:

    **(1)** falsif[y], conceal[], or cover[] up by any trick, scheme, or device a material fact; or
    **(2)** make[] any materially false, fictitious, or fraudulent statements or representations, or make[] or use[] any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,

    in connection with the delivery of or payment for health care benefits, items, or services…

In the portion of his form complaint requiring "a short and plain statement of the claim," Plaintiff merely indicates:

> [F]alse statements concealed by trickery to cause personal injury using Verizon by providing information technology scheme, Uber provided work transportation scheme, University of Washington provided fictitious health care statements + diagnosis.

Dkt. No. 4, Complaint at 5.

(2) In order to sustain a civil rights action, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute. In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

(3) The Court declines to order that plaintiff's complaint be served because his complaint is deficient in the following respect: Plaintiff does not specifically allege in his complaint how the individual defendants violated his federal constitutional rights nor does he set forth any specific facts demonstrating that the individual defendants personally participated in causing him any harm. Plaintiff is required to allege sufficient detail that the Defendants and the Court can understand in what way he believes that the parties whom he is suing have violated the federal statute under which he is claiming that he has been injured. The generic allegations in his current complaint do not satisfy that requirement.

(4) **Plaintiff may file an amended complaint curing the above-mentioned deficiencies within thirty (30) days of the date on which this Order is signed. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present petition.** *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is timely filed, the Court will recommend that this matter be dismissed for failure to adequately allege a cause of action.

(5) The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this order to Plaintiff.

DATED this 31st day of July, 2019.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND - 3